# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Aug 5, 2022
**Server Name:** Jimmy Lizama

| Entity Served | PINNACLE PROPERTY MANAGEMENT SERVICES, LLC |
|---|---|
| Case Number | 22-CIV-03065 |
| Jurisdiction | CA |

| Inserts | |
|---|---|
| | |



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PINNACLE PROPERTY MANAGEMENT SERVICES, LLC; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

KATHLEEN ROEBUCK, an individual

| FOR COURT USE ONLY |
| --- |
| (SOLO PARA USO DE LA CORTE) |
| **Electronically FILED** by Superior Court of California, County of San Mateo ON 7/28/2022 By /s/ Una Finau, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Hall of Justice Courthouse
400 County Center
Redwood City, CA 94063

| CASE NUMBER: | 22-CIV-03065 |
| --- | --- |
| *(Número del Caso):* | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Eric M. Gruzen; Shahla Jalil Valles     JML Law APLC

DATE: 7/28/2022      Neal I. Taniguchi    Clerk, by    /s/ Unaloto Finau    , Deputy
*(Fecha)*                              *(Secretario)*                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Pinnacle Property Management Services, LLC

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric M. Gruzen; Shahla Jalil-Valles   SBN: 222448;327827<br>JML Law, APLC<br>5855 Topanga Canyon Blvd, Suite 300<br>Woodland Hills, CA 91367<br>TELEPHONE NO.: (818)610-8800   FAX NO.: (818)610-3030<br>ATTORNEY FOR *(Name):* Kathleen Roebuck | **Electronically FILED**<br>by Superior Court of California, County of San Mateo<br>ON 7/28/2022<br>By /s/ Una Finau<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS: 400 County Center
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Hall of Justice

CASE NAME:
Roebuck v Pinnacle Property Management Services, LLC; et al

| CIVIL CASE COVER SHEET<br>[✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 22-CIV-03065<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 27, 2022
Eric M. Gruzen; Shahla Jalil-Valles
(TYPE OR PRINT NAME)                                              ▶ *Shahla Jalil-Valles*
                                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**JML LAW**
A PROFESSIONAL LAW CORPORATION
5855 TOPANGA CANYON BLVD., SUITE 300
WOODLAND HILLS, CALIFORNIA 91367
Tel: (818) 610-8800
Fax: (818) 610-3030

ERIC M. GRUZEN, STATE BAR NO. 222448
SHAHLA JALIL-VALLES, STATE BAR NO. 327827

Attorneys for Plaintiff
**KATHLEEN ROEBUCK**

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON 7/28/2022
By /s/ Una Finau
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN MATEO

| | |
|---|---|
| KATHLEEN ROEBUCK, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>PINNACLE PROPERTY MANAGEMENT SERVICES, LLC; and DOES 1 through 50, inclusive;<br><br>Defendants. | Case No.: 22-CIV-03065<br><br>COMPLAINT FOR:<br><br>1. **PREGNANCY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE SECTION 12945 *ET SEQ*. [FEHA];**<br>2. **DISABILITY DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA];**<br>3. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA];**<br>4. **RETALIATION IN VIOLATION OF GOVERNMENT CODE § 12940 *ET SEQ*. [FEHA];**<br>5. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>AMOUNT DEMANDED EXCEEDS $25,000.00 |

Plaintiff, KATHLEEN ROEBUCK hereby brings her complaint against the above-named Defendant and states and alleges as follows:

1

COMPLAINT

## PRELIMINARY ALLEGATIONS

1. At all times material herein, Plaintiff KATHLEEN ROEBUCK (hereinafter referred to as "Plaintiff") was and is a resident of the State of California, County of Alameda.

2. Plaintiff is informed, believes, and based thereon alleges that Defendant PINNACLE PROPERTY MANAGEMENT SERVICES, LLP; and DOES 1 through 50, inclusive; (hereinafter referred to as "PINNACLE"), is a limited liability company, and was at all times mentioned in this complaint duly licensed to do business, was and is doing business, under and by virtue of the laws of the State of California, County of San Mateo.

3. The true names and capacities, whether individual, corporate, associate or otherwise of DOES 1 through 50 are unknown to Plaintiff who therefore sues these Defendants under said fictitious names. Plaintiff is informed and believes that each of the Defendants named as a DOE Defendant is legally responsible in some manner for the events referred to in this complaint, either negligently, willfully, wantonly, recklessly, tortiously, strictly liable, statutorily liable or otherwise, for the injuries and damages described below to this Plaintiff. Plaintiff will in the future seek leave of this court to show the true names and capacities of these DOE Defendants when it has been ascertained.

4. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named Defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below.

5. Plaintiff is informed and believes that each Defendant conspired with, aided and abetted, ratified the conduct of, knowingly acquiesced in, acted with the consent and permission of, and accepted the benefits of each other Defendant with respect to the matters alleged herein.

6. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants named herein acted as the employee, agent, partner, joint-employer, alter-ego, joint venture, affiliate, and/or co-conspirator with or of each of the other Defendants named herein and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the permission, consent and ratification of each of the other Defendants named herein.

7. Finally, Defendants are liable for the acts of their employees under the doctrine of *respondeat superior* and via conspiracy liability. Each of the acts described above and further described below under each Cause of Action was perpetrated during the course and scope of employment of the actors, was carried out with knowledge of Defendants, was condoned and ratified, and/or was taken pursuant to an implied agreement by Defendants to deliberately take said actions.

8. Hereinafter in the Complaint, unless otherwise specified, reference to a Defendant or Defendants shall refer to all Defendants, and each of them.

9. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $25,000.

## FACTUAL ALLEGATIONS

10. Plaintiff Roebuck began employment with Defendant Pinnacle in or about August 2020 as a Property Manager. Plaintiff's job duties entailed managing an on-site team, budgeting, billing, and occupancy duties. Throughout Plaintiff's employment with Defendant, she became a valued and integral member of Defendant's organization.

11. Around the time that Plaintiff began working for Defendant, in or about August 2020, she became pregnant and was not able to take her full maternity leave, as she was not qualified to do so, based on her short time working with Defendant. Plaintiff was told that she did not have enough hours accrued to take her full maternity leave.

12. Instead of taking her full maternity leave, Plaintiff took only about six weeks off of work when her baby was born, beginning in April 2021.

13. In December 2021, Plaintiff met with her direct supervisor, Erika Gomer ("Gomer"), and explained to Gomer that she wished to take the rest of her maternity leave the following year, in 2022. Gomer approved this leave.

14. Plaintiff planned to take the rest of her maternity leave from March 18, 2022 to April 27, 2022. Plaintiff relayed this to Defendant, and Defendant approved this leave.

15. While Plaintiff was out on her leave, Gomer would still contact Plaintiff regarding work-related issues.

16. When Plaintiff was set to return to work, on April 27, 2022, she arrived to work a few minutes early, in order to organize herself for the week. When Plaintiff arrived, Gomer, along with another representative for Defendant, met with Plaintiff and handed her a letter stating that Plaintiff was to go out on an unpaid administrative leave. Plaintiff received no other details regarding this administrative leave. Plaintiff was immediately sent home in disbelief and in tears.

17. On April 27, 2022, after Plaintiff was sent home, she received a phone call from an investigator for Defendant, outlining the reasons for her administrative leave. One of the reasons the investigator gave Plaintiff was that Plaintiff was found to have been working during her leave of absence. Plaintiff attempted to explain to the investigator that she only worked because her direct supervisor, Gomer, reached out to her with work-related inquires. Despite this, the administrative leave stood. The investigator also explained to Plaintiff that due to an alleged oversight on Plaintiff's part, Defendant lost money due to unpaid rent of a resident. Plaintiff attempted to explain to Defendant that in fact the money was returned to Defendant, but she was entirely ignored.

18. On or around May 7, 2022, Plaintiff was informed that she was being terminated immediately. Plaintiff attempted to reach out to Defendant's Human Resources Department in order to obtain additional information regarding her termination, but was entirely ignored.

19. Plaintiff is informed, believes, and based thereon alleges that she was terminated based on pretextual reasons, as Plaintiff faced no disciplinary nor performance issues prior to going out on her maternity leave. In fact, prior to going out on her maternity leave, in March 2022, Plaintiff received a positive performance review and a raise in salary.

20. Substantial motivating factors in Plaintiff's termination was her maternity leave.

21. As a proximate result of the aforesaid acts of Defendants, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

22. As a proximate result of the wrongful acts of Defendants, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes, and thereon alleges, that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

23. Plaintiff further exhausted her administrative remedies by filing a complaint with the Department of Fair Housing and Employment ("DFEH") on July 27, 2022. The DFEH issued Plaintiff an immediate right-to-sue letter on July 27, 2022.

## FIRST CAUSE OF ACTION
## PREGNANCY DISCRIMINATION
## IN VIOLATION OF GOVT. CODE § 12945 (FEHA)
### (Against Defendant and DOES 1 through 50)

24. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

25. Government Code Section 12945(a) prohibits an employer, from discriminating against a female employee because of pregnancy.

26. Defendant was at all relevant times an employer within the meaning of the California Government Code Section 12926(d) and, as such barred from discriminating against any female employee because of pregnancy as set forth in Government Code Section 12945(a).

27. Plaintiff was at all relevant times a person within the meaning of California Government Code Section 12925(d) and, as such covered by California Government Code Section 12945(a) prohibiting discrimination against female employees on the basis of pregnancy.

28. Through the acts described above, Defendant violated Government Code, Section 12945(a), by discriminating against Plaintiff on the basis of pregnancy.

29. Defendant failed to comply with its statutory duty to take all reasonable steps necessary to prevent discrimination due to pregnancy from occurring in the workplace and to prevent it from occurring in the future in violation of Government Code Section 12940(k).

30. As a proximate result of the aforesaid acts of Defendant, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

31. As a proximate result of the wrongful acts of Defendant, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

32. As a proximate result of the wrongful acts of Defendant, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

33. Defendant had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent pregnancy discrimination, against and upon employees of Defendant. Managers, officers, and/or agents of Defendant were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, pregnancy discrimination against and upon employees of Defendants. However, Defendant chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by Defendant to Plaintiff. Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against Defendant in an amount to be established that is appropriate to punish Defendant from engaging in such conduct.

## SECOND CAUSE OF ACTION

## DISCRIMINATION BASED UPON ACTUAL AND/OR PERCEIVED DISABILITY IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

### (Against Defendant and DOES 1 through 50)

34. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

35. At all times herein mentioned, Government Code §§ 12940, *et seq.* were in full force and effect and were binding on Defendants and each of them, as Defendants regularly employed five (5) or more persons. Under the Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 *e. seq.*, it is an unlawful employment practice for an employer because of the actual and/or perceived physical disability of a person to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment.

36. As set forth in this complaint, Plaintiff is informed and believes that Defendants discriminated against her due to her actual and/or perceived pregnancy-related medical condition/disability.

37. Substantial motivating factors in Plaintiff's wrongful termination were her actual and/or perceived disabilities.

38. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

39. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional

suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

40. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

41. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability discrimination, against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

### THIRD CAUSE OF ACTION
### FAILURE TO PREVENT DISCRIMINATION
### IN VIOLATION OF GOVT. CODE §§ 12940, *ET SEQ.* (FEHA)
### (Against Defendant and DOES 1 through 50)

42. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully set forth herein.

43. At all times mentioned herein, California Government Code Sections 12940, et seq., including but not limited to Sections 12940 (j) and (k), were in full force and effect and were binding upon Defendants and each of them. These sections impose on an employer a duty to take

1  immediate and appropriate corrective action to end discrimination and take all reasonable steps
2  necessary to prevent discrimination from occurring, among other things.

3        44. Defendants violated Government Code § 12940 (j) and (k) by failing to adequately
4  supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act as
5  described herein.

6        45. Defendants failed to fulfill their statutory duty to timely take immediate and appropriate
7  corrective action to end the discrimination and also failed to take all reasonable steps necessary to
8  prevent the discrimination from occurring.

9        46. In failing and/or refusing to take immediate and appropriate corrective action to end
10 the discrimination, and in failing and/or refusing to take and or all reasonable steps necessary to
11 discrimination from occurring, Defendants violated Government Code § 12940 (j) and (k), causing
12 Plaintiff to suffer damages as set forth above.

13       47. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff
14 has suffered actual, consequential and incidental financial losses, including without limitation, loss
15 of salary and benefits, and the intangible loss of employment related opportunities in her field and
16 damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff
17 claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other
18 provision of law providing for prejudgment interest.

19       48. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff
20 has suffered and continues to suffer emotional distress, humiliation, mental anguish and
21 embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and
22 believes and thereupon alleges that she will continue to experience said physical and emotional
23 suffering for a period in the future not presently ascertainable, all in an amount subject to proof at
24 the time of trial.

25       49. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff
26 has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected
27 to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to
28 recover attorneys' fees and costs under Government Code § 12965(b).

50. Defendants had in place policies and procedures that specifically prohibited and required Defendants' managers, officers, and agents to prevent disability/pregnancy discrimination, against and upon employees of Defendants. Managers, officers, and/or agents of Defendants were aware of Defendants' policies and procedures requiring Defendants' managers, officers, and agents to prevent, and investigate, disability/pregnancy discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, Defendants' outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should, therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct.

## FOURTH CAUSE OF ACTION

## RETALIATION

## IN VIOLATION OF GOVT. CODE §§ 12940 *ET SEQ.* (FEHA)

**(Against Defendant and DOES 1 through 50)**

51. Plaintiff hereby repeats and incorporates all preceding paragraphs as though fully Set forth herein.

52. California Government Code § 12940(h) makes it unlawful for any person to retaliate against an employee who has engaged in protected activity under the FEHA.

53. At all times herein mentioned, California Government Code § 12940 et seq., was in full force and effect and was binding on Defendants, as Defendants regularly employed five (5) or more persons.

54. Defendants' conduct, as alleged above, constituted unlawful retaliation in violation of California Government Code § 12940(h).

55. As a proximate result of the aforesaid acts of Defendants, and each of them,

Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to her professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

56. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

57. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover attorneys' fees and costs under California Government Code § 12965(b).

## FIFTH CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
### (Against Defendant and DOES 1 through 50)

58. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth at this place.

59. "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.* (1980) 27 Cal.3d 167, 170 "[T]he cases in which violations of public policy are found generally fall into four categories: (1) refusing to violate a statute; (2) performing a statutory obligation (3) exercising a statutory right or privilege; and (4) reporting an alleged violation of a statute of public importance." Gantt v. Sentry Insurance (1992) 1 Cal.4th 1083, 1090-1091. Similarly, "an employer's authority over its employee does not include the right to demand that the employee commit a criminal act to further its interests, and an employer may not coerce compliance with

such unlawful directions by discharging an employee who refuses to follow such an order . . ." *Tameny, supra*, 27 Cal.3d at p. 178.

60. The public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the community at large. Accordingly, the actions of Defendants, and each of them, in terminating Plaintiff on the grounds alleged and described herein were wrongful and in contravention of the express public policy of the State of California. In this case, Plaintiff was terminated due to her pregnancy and taking a maternity leave of absence.

61. As a proximate result of the aforesaid acts of Defendants, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities in her field and damage to his professional reputation, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

62. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Plaintiff is informed and believes and thereupon alleges that she will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

63. As a proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith.

64. Defendants had in place policies and procedures that specifically required Defendant's managers, officers, and agents to prevent discrimination against and upon employees of Defendants. However, Defendants chose to consciously and willfully ignore said policies and procedures and therefore, their outrageous conduct was fraudulent, malicious, oppressive, and was done in wanton disregard for the rights of Plaintiff and the rights and duties owed by each Defendant to Plaintiff. Defendants also had a pattern and practice of discriminating against employees. Each Defendant aided, abetted, participated in, authorized, ratified, and/or conspired to engage in the wrongful conduct alleged above. Plaintiff should,

therefore, be awarded exemplary and punitive damages against each Defendant in an amount to be established that is appropriate to punish each Defendant and deter others from engaging in such conduct in the future.

**WHEREFORE, Plaintiff prays for judgment as follows:**

1. For general damages, according to proof;
2. For special damages, according to proof;
3. For loss of earnings, according to proof;
4. For liquidated damages, according to proof;
5. For declaratory relief, according to proof;
6. For attorneys' fees, according to proof;
7. For prejudgment interest, according to proof;
8. For punitive and exemplary damages, according to proof;
9. For costs of suit incurred herein;
10. For interest accrued to date;
11. For such other relief that the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action.

DATED: July 27, 2022                JML LAW, A Professional Law Corporation

By: *Shahla Jalil-Valles*

ERIC M. GRUZEN

SHAHLA JALIL-VALLES

Attorneys for Plaintiff Allison Knippler